UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE E. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-202 SNLJ |
| | ) | |
| WILLIAM C. SIBERT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $18, which is twenty percent of his average monthly balance. *See* 28 U.S.C. § 1915(b). Additionally, the complaint is partially dismissed.

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings several unrelated causes of action against defendants. Defendants are Chris Rataj, Detective; William Sibert, Deputy United States Marshal; Ned Boyd, Deputy United States Marshal; A. Johnson, Jail Administrator; N. Ems, Deputy Sheriff; and Patty Karol, Correctional Officer.

Plaintiff alleges that defendant Rataj tased him during his arrest. He fell down, immobilized. Rataj tased him a second time while he was immobile. Plaintiff argues that the second shock constituted excessive force.

Plaintiff says that defendants Sibert and Boyd transferred him to the Ste. Genevieve County Jail after a court appearance. He told the officials at the Jail he had sleep apnea and atrial fibrillation, but he says they did not treat his conditions. These defendants later transferred him to the Cape Girardeau County Jail. He says his conditions went untreated there as well.

Plaintiff alleges that defendant Ems, who works at the Ste. Genevieve County Jail, gave him a conduct violation for not wearing his wrist band. He filed grievances about the violation. He says that Ems retaliated against him by transferring him to a different housing unit and assigning him to a top bunk. Plaintiff believes that the top bunk is dangerous, but he has not alleged he suffered any injury. Defendant Karol denied his grievances.

Ems dispensed the antibiotic Bactrim to plaintiff. Plaintiff says defendant Ems should have known he would have a bad reaction to it. However, plaintiff took the drug. He had

itching, swollen lips, chills, and pain as a result. He has not alleged that he made Ems or any other party aware of the possibility of a bad reaction to the drug.

In his "motion requesting the Court to move case along on docket," he says he is suing defendants in both their individual and official capacities.

**Discussion**

Plaintiff's claims against the defendants are unrelated. Federal Rule of Civil Procedure 20(a)(2) provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In this instance, plaintiff's claim against Rataj is not related to his claims against any of the other defendants. As a result, the Court will dismiss all defendants except for Rataj for improper joinder. If plaintiff wishes to sue those defendants, he must bring new complaints for each set of transactions or occurrences.

The Court finds that plaintiff's claim against Rataj in his individual capacity should not be dismissed at this time. As a result, it will direct the Clerk to serve process on defendant. However, plaintiff's claim against Rataj in his official capacity is dismissed. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978) (official-capacity claim is claim against defendant's employer).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $18 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendant Chris Rataj, who is alleged to be a detective in Sikeston, Missouri.

**IT IS FURTHER ORDERED** that defendants William Sibert, Ned Boyd, A. Johnson, N. Ems, and Patty Karol are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunctive relief [ECF No. 7] and motion to move case along [ECF No. 11] are **DENIED** as moot.

An Order of Partial Dismissal will be entered forthwith.

Dated this 21st day of November, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).